DAN ALLES, APPELLEE, V. WHITE MOTORS COMPANY, APPELLANT.

2 N. W. (2d) 597

FILED FEBRUARY 27, 1942.   No. 31256.

*Perry, Van Pelt & Marti, Arthur E. Perry* and *Ralph Robert Perry,* for appellant.

*Chambers, Holland & Locke, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This action was brought by Dan Alles, plaintiff, to recover from White Motors Company, defendant, $10,000 in damages for alleged negligence causing personal injuries.

Defendant is a corporation engaged in selling and repairing automobiles at Eighteenth and O streets, Lincoln, Nebraska. April 10, 1940, plaintiff, while employed by the Capitol Service Station, delivered for the latter to defendant 20 gallons of gasoline, putting five gallons in each of four new cars. He parked the delivery truck on Eighteenth street west of defendant's building, went through the doorway of folding, electrically-operated doors on the west side, delivered the gasoline, went to the office, collected his bill, passed out through the same open doorway and extended his left hand and arm through a space between the south edge of the doors and the jamb to close them by operating an electric switch on the wall. Before his arm was withdrawn the doors closed and he was severely injured between the shoulder and the elbow.

Plaintiff alleged that the sole cause of his injuries was the negligence of defendant and its employee and agent, James H. Losey, who operated another switch and thus closed the doors on plaintiff's arm.

The answer of defendant to the petition contained a general denial. It was specifically denied that defendant or any of its employees closed the doors on plaintiff's arm or caused them to be so closed. It was affirmatively alleged that plaintiff was guilty of such negligence as to bar recovery.

Upon a trial of the cause the jury rendered a verdict in favor of plaintiff for $2,500. From judgment therefor defendant appealed.

Counsel for defendant take the position that plaintiff, as a matter of law, was guilty of such contributory negligence as to bar recovery and that a verdict in favor of defendant should have been directed at the close of plaintiff's evidence.

The doors that closed on plaintiff's arm could have been set in motion by pressure on either one of two electrical switches. One was on the west wall by the jamb where the doors closed on plaintiff's arm. The other was within approximately nine feet of the desk used by Losey, who was in charge of the parts room in defendant's place of business. Who operated the switch at the time of the accident was a vital issue on which the evidence was in direct conflict.

Counsel for defendant argue that plaintiff barred recovery by exposing himself to obvious danger; by momentary inattention to known danger; by blind reliance on nonoperation of the switch near Losey's desk; by thoughtless disregard of known danger. In the argument on these propositions there were references to testimony tending to prove the following facts: The doors were of standard make, were in good repair and of a model in extensive use. Plaintiff was familiar with the operation of the doors and previously closed them under similar circumstances. He knew the time required for the closing of them and that his arm should be immediately withdrawn to prevent injury. Had he listened, he could have heard the electric motor when it started. He could have seen and felt the doors as they moved, but did not withdraw his arm in time to prevent the accident. He did not need to enter or depart through this open doorway. There were other doors through which he could have entered and departed. Employees of defendant

only were authorized to open and close the west doors. Plaintiff did not have permission to do so.

It is from evidence of the character indicated and from other evidence of similar import that counsel insist plaintiff, by contributory negligence, barred recovery as a matter of law.

Other evidence, however, requires attention. Defendant's general manager testified that the west doors were used to let people and vehicles in and out. Plaintiff or his witnesses testified in substance: Defendant ordered gasoline from the Capitol Service Station and plaintiff, an employee of the latter, was directed to deliver it. He drove the delivery truck to the west side of defendant's building and parked it there. The west doors stood open and the doorway was the most direct course to the place of delivery. He carried the gasoline through the open doorway to the places where it was needed. He had made deliveries to defendant's place of business 200 times or more. Other employees of the Capitol Service Station made deliveries in the same manner. On the way out, just before the accident, in passing Losey's desk, plaintiff asked him if he wanted the doors closed, and was answered, "yes." Plaintiff had previously closed the doors by reaching through the opening from the outside and was about to do so again when he looked around and saw Losey's hand drop from the other switch. Plaintiff did not realize the doors were closing on him until he felt the pressure on his arm when he could not get it out. He did not touch the switch. Other employees from the Capitol Service Station had used the same doorway and had operated the electric switch. This practice was permitted by defendant and by Losey for years.

There is evidence of each item in the foregoing summary. At the time of the accident plaintiff was the only person near the switch on the west wall and Losey was the only person near the other switch. Each testified he did not touch a switch at the time. One or the other was mistaken. The jury in view of all the evidence and circumstances shown believed plaintiff and rendered a ver-

dict in his favor. On conflicting evidence the jury were judges of the fact in issue and they found in effect that the agent of defendant set the doors in motion. Since plaintiff did not touch the switch on the west wall, as found by the jury, the proximate cause of his injury was the operation of the other switch and no one was near it at the time except the employee and agent of defendant. On this issue there was ample evidence to sustain the verdict.

Did plaintiff expose himself to obvious danger and thus bar recovery as a matter of law? He had been invited to defendant's place of business. When he arrived, the west door was open. While he was going in and out through it, no one interfered with him. There was no proof of a warning sign to use another door or not to touch the switch. Without injury plaintiff previously extended his arm through the same opening, operated the switch and safely withdrew his arm. The evidence does not show this was dangerous without the turning of the other switch. There is evidence to the effect that plaintiff, while at the switch on the west wall, was in plain view of Losey who had said he wanted the doors closed. Under such circumstances, it would be exacting too much of the law to make it say, as a condition of recovery, that plaintiff should have anticipated the negligent manipulation of the switch near Losey's desk, should have heard the whir of the motor as it set the doors in motion and should have seen and felt the movement of the doors in time to have withdrawn his arm. On the issue of contributory negligence barring recovery, the verdict in favor of plaintiff is supported by sufficient evidence.

The giving of an instruction submitting to the jury the doctrine of the last clear chance is assigned as error requiring a reversal of the judgment in favor of plaintiff. It is argued that this doctrine was not applicable to the case at bar because there was insufficient time to prevent the accident after defendant discovered the peril of plaintiff. In a former case the supreme court ruled as follows:

"To recover under the doctrine of the last clear chance, a plaintiff must have been in a position of peril which was known or, by the exercise of ordinary care, ought to have been known to defendant in time to avoid injury by the exercise of ordinary care." *Nyegomir v. Union P. R. Co.*, 130 Neb. 380, 264 N. W. 879.

It is a fair inference from evidence already narrated that Losey, the employee of defendant in charge of the parts room, told plaintiff he wanted the doors closed, that Losey was in plain view of plaintiff as the latter approached the switch on the west wall, that at the same time Losey saw, or should have seen, plaintiff, and that all Losey then needed to do to prevent the accident was to keep his hands off the switch near his desk. In this view of the evidence, the one obviously taken by the jury, Losey not only caused plaintiff's peril, but, by the exercise of ordinary care, could have prevented the injury of which complaint is made. The conclusion is that error prejudicial to defendant in the giving of this instruction does not affirmatively appear in the record. In other respects error requiring a reversal has not been found.

AFFIRMED.

SIMMONS, C. J., and CARTER and YEAGER, JJ., dissent.